UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

v.

WILLIAM LEE DELA CRUZ

Case No. 4:17-cr-00129-DGK-1
ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Now before the Court is Defendant's Motion for Compassionate Release. ECF No. 87. Defendant claims there was no warrant or probable cause for his arrest, which occurred on April 10, 2017, and argues that he is therefore entitled to release. See id. at 3, 6. Defendant asserts this is an "extraordinary and compelling reason" supporting his release. See 18 U.S.C. § 3582(c)(1)(A)(i).

The Court may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if: (1) "extraordinary and compelling reasons" support it; (2) it is consistent with the relevant United States Sentencing Commission policy statements; and (3) the factors under 18 U.S.C. § 3553(a) support it. See United States v. Avalos Banderas, 39 F.4th 1059, 1061 (8th Cir. 2022) (citing 18 U.S.C. § 3582(c)(1)(A)); see also United States v. Johnson, No. 24-2393, 2025 WL 1949738, at *1 (8th Cir. July 16, 2025). Prior to this determination, however, § 3582(c)(1)(A) requires a defendant to exhaust all administrative remedies by requesting the prison warden to make a motion for compassionate release on his behalf. Then, only after appealing a failure of the Bureau of Prisons

to bring such a motion or waiting thirty days after the warden receives his request for a motion, may a defendant file his own motion. This exhaustion requirement "is a mandatory claim-processing rule. As such, it must be enforced so long as the opposing party properly raises it." United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021) (citations modified).

Defendant has not exhausted his administrative remedies. He admits that he did not submit a compassionate release request to the prison warden "because," he claims, "the warden wounldn't be able to do anyting about my case." ECF No. 87 at 3. Defendant appears to be raising a claim of futility here, but courts generally "may not add unwritten limits into administrative exhaustion requirements." United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020) (declining to add an "equitable carveout" for futility to § 3582(c)(1)(A)'s exhaustion requirement). Even if a futility defense were appropriate for a compassionate release petition, "'unsupported and speculative' claims of futility do not excuse a claimant's failure to exhaust his or her administrative remedies." Midgett v. Wash. Group Int'l Long Term Disability Plan, 561 F.3d 887, 898 (8th Cir. 2009) (quoting Klaudt v. U.S. Dep't of Interior, 990 F.2d 409, 412 (8th Cir. 1993)). Defendant offers no support for why exhausting his administrative remedies would be futile; his assertion that "the warden wouldn't be able to do anything" is conclusory. Moreover, the Government has properly raised this failure of exhaustion. On this ground alone, Defendant's motion should be denied. Nevertheless, the Court will go on to consider the standard under § 3582(c)(1)(A)(i).

The Court finds that Defendant has not met that standard here. As an initial matter, Defendant has not shown that extraordinary and compelling reasons support his release. He checked the box on his compassionate release form indicating that "there is another circumtance or combination of circumstances that . . . are similar in gravity to" the § 1B1.13(b) factors, which include terminal or long-term illness, public health emergency, advanced age and deteriorating

4

health, accute family needs, or serious sexual or physical abuse while in custody. The only circumstance Defendant gives to support his release is the claim that "There was no warrant of arrest during my arrest on 4/10/2017. There is no probable cause to why I was arrested. Therefor (sic) I am asking for an immediate release for the entire time I was incarcerated in the BOP." ECF No. 87 at 6. Though he purports to seek compassionate release, Defendant is actually collaterally attacking the validity of his conviction and sentence. But "[a] federal inmate generally must challenge a sentence through a § 2255 motion, and a post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion." United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020) (citation omitted). See also United States v. Daniels, No. CR 12-233 (DWF/TNL), 2025 WL 1136082, at *3 (D. Minn. Apr. 16, 2025) ("[A] motion for compassionate release is not the proper vehicle through which to challenge [a] conviction. Any motion for compassionate release that instead challenges the validity of the defendant's conviction or sentence itself must be brought under 28 U.S.C. § 2255."). Defendant may not use compassionate release to collaterally attack his conviction and sentence to avoid the strictures of § 2255, which has a one-year limitation period, § 2255(f)(1), that bars Defendant's claim: judgment was entered against him on December 17, 2020, and Defendant filed this motion September 30, 2025. Aside from this defect, Defendant offers no basis for why his proferred reason is "similar in gravity" to the health and family-related circumstances listed in § 1B1.13(b) of the sentencing guidelines.

But even if Defendant established extraordinary and compelling reasons, the § 3553(a) factors strongly favor denying the motion. See Avalos Banderas, 39 F.4th at 1061 (noting that the Court may release but only "after considering the factors set forth in 18 U.S.C. § 3553(a)"); see also United States v. Williams, No. 24-1657, 2025 WL 1672255, at *2 (8th Cir. June 13, 2025)

("A district court may reduce term of imprisonment if there are extraordinary and compelling reasons warranting such a reduction, but the court must still consider the factors from § 3553(a)." (citation modified)).  The nature and circumstances of the offense were serious.  Defendant pled guilty to 18 U.S.C. § 2422(b)–use of interstate facility to entice a minor to engage in illegal sexual activity.  ECF No. 83.  Defendant, who was twenty-two years old at the time of the offense, cultivated a relationship online with someone he knew to be a minor, drove from Maryland to Missouri to pick her up and apparently take her back to Maryland with him, and engaged in sexual activity with her—including intercourse in a secluded wooded area after having been informed by her mother on Facebook that she was only twelve years old.  This is egregious, predatory conduct.  The imposed sentence was—and still is—necessary to promote respect for the law, deter similar conduct, and protect the public. On this later point, the Court also finds that if Defendant were released, he would remain a danger to the community.  See 18 U.S.C. 3553(a); see also 18 U.S.C. § 3142(g)(4).  Thus, Defendant's motion is DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

November 5, 2025

/s/ Greg Kays
UNITED STATES DISTRICT JUDGE